*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BALDOMERO RUBIO-MARTINEZ,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2020

No. 346101
Kent Circuit Court
LC No. 17-010155-FC

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750c(2)(b). The trial court sentenced defendant to concurrent prison terms of 25 to 40 years for his two CSC-I convictions and 3 to 15 years for his two CSC-II convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was accused of sexually abusing his girlfriend's daughter, JVE, and JVE's cousin, PG. JVE reported, and later testified, that defendant touched her sexually on two occasions when she was seven years old, both times digitally penetrating her vagina as well as touching her stomach and legs under her clothes. PG reported, and later testified, that when she was eleven years old, while spending the night at JVE's house, defendant touched her chest and legs above the clothes and pressed his genital area against her in one incident and touched her buttocks and legs above her clothes in another incident.

During trial, defense counsel questioned both children's mothers concerning their status as undocumented immigrants, and about whether they were using these sexual assault allegations to obtain a "U-Visa." Defense counsel called a Michigan immigration attorney to testify regarding U-Visas, which are visas issued under the federal Violence Against Women Act that provide special relief to "allow[] people [who] have been victims of certain types of crime . . . to stay in the United States." They also allow both direct and indirect victims a path to gain legal status in

the United States. Defendant's theory of the case was that these assaults had been fabricated in order to obtain such visas.

The prosecution called Gretchen Knight-Dennis of the Children's Advocacy Center as a rebuttal witness to testify about when the minor children's mothers found out about U-Visas. The following colloquy took place between the prosecution and Knight-Dennis:

> *The Prosecution*: So getting exactly to my point is did you ever have a conversation with either family about a U-Visa?

> *Knight-Dennis*: Yes, I did.

> *The Prosecution*: And can you please tell the jury when that conversation first takes place, the first time it was ever mentioned?

> *Knight-Dennis*: The first time it was ever mentioned was in one of our sessions between November 1st and November 29th.

> *The Prosecution*: It would have been in November of 2017?

> *Knight-Dennis*: Correct.

> *The Prosecution*: Is that a topic that was brought up by yourself or by someone else?

> *Knight-Dennis*: By myself.

> *The Prosecution*: Can you please explain to the jury why you did that?

> *Knight-Dennis*: Yes. From the very beginning, the family had expressed or had reported that they had been having—receiving threats from the offender's family, and they just were very—

Following this statement, defense counsel immediately objected on grounds of hearsay. He also moved for a mistrial based on the prejudicial effect of the testimony. The trial court removed the jury to consider defendant's arguments, and sustained the objection but denied defense counsel's request for a mistrial. The trial court provided a detailed instruction to the jury, ordering it to disregard the testimony about "threats from the family."

The jury convicted defendant as discussed. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews for an abuse of discretion the trial court's decision to deny a defendant's motion for a mistrial. The trial court abuses its discretion when its decision falls outside the range of [reasonable and] principled outcomes." *People v Lane*, 308 Mich App 38, 60; 862 NW2d 446 (2014). We review for an abuse of discretion a trial court's decision whether to admit evidence. *Id.* at 51.

-2-

## III. ANALYSIS

Defendant argues that Knight-Dennis's testimony was inadmissible hearsay, was irrelevant, and was unfairly prejudicial, and therefore should not have been admitted. However, defendant's argument is meritless for the simple reason that the trial court *did not* allow the testimony to be admitted into evidence and in fact sustained defendant's objection and ordered that the jury disregard the testimony. The trial court gave a very thorough and explanatory jury instruction explaining why such testimony was inadmissible. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Mesik (On Reconsideration)*, 285 Mich App 535, 542; 775 NW2d 857 (2009) (quotation marks and citation omitted). For these reasons, defendant's argument fails.

Moreover, even if we read defendant's argument on appeal as being that the trial court erred by declining to grant a mistrial, defendant has not provided any supporting caselaw. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Defendant has therefore abandoned the issue. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004).

Although defendant has not raised, or has abandoned, the argument that the trial court erred by denying a mistrial, we note in any event that Knight-Dennis's testimony "constituted an isolated comment that was not repeated or explored further." *People v Waclawski*, 286 Mich App 634, 709; 780 NW2d 321 (2009) (affirming the trial court's denial of the defendant's request for a new trial on the basis that unsolicited, "irrelevant," and "inflammatory" testimony "constituted an isolated comment" and was not repeated or explored). "[N]ot every instance of mention before a jury of some inappropriate subject matter warrants a mistrial. Specifically, an unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *Id*. at 710 (quotation marks and citation omitted; alteration in original). Moreover, a trial court may alleviate any possible prejudice to a defendant by providing "a comprehensive curative instruction." *Id*. The testimony in question in this case was comprised of an unresponsive, volunteered answer to a proper question. Moreover, the trial court gave a comprehensive curative jury instruction. Therefore, even if defendant had raised such an argument, under these circumstances we would find no abuse of discretion in the trial court's denial of defendant's motion for a mistrial. *Lane*, 308 Mich App at 60.

Affirmed.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Mark T. Boonstra